THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN GLENN WILSON, Defendant-Appellant.

(No. 11956;

Fourth District—October 4, 1973.

*Rehearing denied November 2, 1973.*

John F. McNichols, Deputy Defender, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville, (John R. McClory, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted in a jury trial of the offense of murder and sentenced to a term of not less than 14 nor more than 16 years in the Illinois State Penitentiary. Upon this appeal he contends that the evidence was insufficient to convict; that the jury was improperly instructed and that the court erred in the admission of certain evidence and photographs which are alleged to be inflammatory and prejudicial. We affirm.

■■ The defendant was charged with murder, involuntary manslaughter, and aggravated battery, all arising out of an incident in a Danville tavern on September 24, 1971, resulting in the death of Thomas Tyler. We find no merit in the contention of the defendant that the evidence is insufficient to establish his guilt beyond a reasonable doubt of the offense of murder. In our examination of this contention we cannot set aside a jury verdict of guilty unless the evidence is so palpably con-

trary to the verdict or so unreasonable, improbable or unsatisfactory as to cause a reasonable doubt as to the guilt of the accused. *People v. Nuccio*, 54 Ill.2d 39, 294 N.E.2d 276.

In this case the wife of the decedent testified that defendant attacked the decedent with a knife. Other eye witnesses with ample opportunity to observe the entire altercation testified to like effect. Indeed, the only evidence that would tend to a conclusion that the decedent was the aggressor is testimony of the defendant. Any issue of credibility of witnesses is for the jury or the trier of fact. *People v. Springs*, 51 Ill.2d 418, 283 N.E.2d 225.

The evidence is not so unsatisfactory as to leave reasonable doubt as to the defendant's guilt. A recitation of the testimony hardly seems required and an opinion relating to the reasonable doubt issue would have no precedential value. Accordingly, pursuant to Supreme Court Court Rule 23, we find no merit in that contention.

In asserting error in the instructions, the defendant contends that the trial court should not have given an instruction on involuntary manslaughter and should have given another instruction on voluntary manslaughter, although such was not offered and no such contention was made in the trial court. I.P.I. Criminal instruction 7.03 was given by the court. Defendant contends that in addition I.P.I. Criminal instruction 7.05 should have been given by the court upon its own motion. We do not agree.

■■ Under certain circumstances, fundamental fairness may well require the trial court to instruct on certain issues without reference to instructions tendered by the parties. See *People v. Joyner*, 50 Ill.2d 302, 278 N.E.2d 756.

■■ In this case the jury was instructed upon the issue of voluntary manslaughter in accordance with the defendant's trial theory and his testimony. In addition, an instruction on involuntary manslaughter was given without any objection by defendant. We find no error in the instructions and certainly no failure to instruct or instructions given that constitute plain error reviewable here even though not urged in the trial court.

Finally, we find no reversible error with reference to the admission of evidence alleged to be prejudicial and inflammatory. See *People v. Speck*, 41 Ill.2d 177, 242 N.E.2d 208; *People v. Weaver*, 8 Ill.App.3d 299, 290 N.E.2d 691.

Judgment affirmed.

SMITH and TRAPP, JJ., concur.